1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9 ANNIE J. PERRY, et al. | CASE NO.    1:11-cv-1357-AWI-MJS |

FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFFS'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Plaintiffs,

v.

(ECF No. 7)

CITY OF FRESNO,

OBJECTIONS DUE WITHIN THIRTY DAYS

Defendant.

_____/

### **SCREENING ORDER**

Plaintiff Annie J. Perry ("Plaintiff")[1] initiated this action by filing a pro se Complaint

on August 15, 2011, and is proceeding in forma pauperis.  (ECF No. 1.)  On October 12,

2011, before the Court had the opportunity to screen Plaintiff's initial Complaint, she filed

_____

[1] Plaintiff includes two names in the plaintiff section in the caption of her First Amended Complaint.  However, she refers to herself as the sole plaintiff in the action, and is the only party listed in the signature section of the First Amended Complaint.  It appears that Annie J. Perry is the only plaintiff in this action.

a First Amended Complaint.  (ECF No. 7.)  That pleading is now before the Court for

screening.

**I.    SCREENING REQUIREMENT**

        The in forma pauperis statute provides that "the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon

which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted

inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal

quotation marks and citation omitted).  While factual allegations are accepted as true, legal

conclusion are not.  Iqbal, 129 S.Ct. at 1949.

**II.   FACTUAL ALLEGATIONS**

        Plaintiff's First Amended Complaint, which names the City of Fresno as the sole

Defendant, consists of a list of unrelated statements unaccompanied by actual legal

claims.  Plaintiff's allegations are as follows:

        Plaintiff is an owner of  "said covenant" and is entitled to the amount mentioned in

her First Amended Complaint.  (Am. Compl. at ¶ 1.)  Defendant, on or about January 9,

2011, rejected Plaintiff's filing under California Government Code 945.6.  (Am. Compl. at

¶ 2.)  Plaintiff's matter will be filed in federal court.  (Am. Compl. at ¶ 3.)  Plaintiff wishes

to "resolve the amount owed by Defendant" or "file a sue in Federal Court for said complaint file with City of Fresno in the amount mention which accrued from 1974-2010." (Am. Compl. at ¶ 4.)  Defendant is responsible for Plaintiff's fees and costs. (Am. Compl. at ¶ 5.)  Plaintiff asks that this matter be reviewed by Defendant for payment. (Am. Compl. at ¶ 7.)

Plaintiff also attaches a Claim for Damages that she filed with Defendant.  (Am. Compl. at 3.)  This document does not provide any additional insight into Plaintiff's claims. It includes the words "malice", "building code defect", "punitive damage certified", "discrimination", and "mental health department".  (Id.)  It also lists three doctors as potential witnesses.  (Id.)

Plaintiff does not identify the relief requested.

III.   **ANALYSIS**

The Court is unable to discern from the pleading what wrong Plaintiff feels she suffered, what law or right she feels was violated, or what relief she seeks.  The present pleading does not suggest even the potential of a valid legal claim, much less a claim that may fall within the limited jurisdiction of this Court.  Even review of Plaintiff's other filing provides no enlightenment.  Plaintiff's initial Complaint (ECF No. 1) and previously filed Claim for Damages (Am. Compl. at 3) contain similarly unintelligibleclaims against Defendant.  As stated, Plaintiff's claims can only be characterized as  "legally frivolous", i.e., it they lack an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989). .

Plaintiff is charged with the obligation of setting forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949

(quoting <u>Twombly</u>, 550 U.S. at 555).  A claim is legally frivolous when it lacks an arguable

basis in either law or fact.  Plaintiff has failed to meet this pleading requirement in any of

the claims she has presented in connection with this matter.  It can only be concluded that

she is not capable of doing so.  Accordingly, no useful purpose would be served in allowing

her leave to amend.  Her First Amended Complaint should be dismissed without leave to

amend on the grounds is legally frivolous.  <u>Neitzke</u>, 490 U.S. at 325.

## IV.   CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's First Amended Complaint fails to state a claim upon

which relief may be granted.  Although the Court typically allows a plaintiff the opportunity

to amend a pleading to address deficiencies noted by the Court during screening, the Court

finds that amendment would be futile in this case.  For the reasons stated above, the Court

finds that Plaintiff's First Amended Complaint fails to set forth "sufficient factual matter,

accepted as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949

(quoting <u>Twombly</u>, 550 U.S. at 555).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended

Complaint be dismissed, with prejudice, for failure to state a claim under section 1983 and

that Plaintiff not be given leave to amend.

These Findings and Recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within thirty (30) days after being served with these Findings and Recommendations, any

party may file written objections with the Court and serve a copy on all parties.  Such a

document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any reply to the objections shall be served and filed within ten days

-4-

after service of the objections.  The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1</u>

<u>st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   <u>April 3, 2012</u>         _____/s/ *Michael J. Seng*_____

UNITED STATES MAGISTRATE JUDGE